IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. 3:11-CR-8-WKW |
| | ) | [WO] |
| COURTNEY DJARIS WILSON | ) | |

# ORDER

On October 18, 2011, the Magistrate Judge filed a Report and Recommendation (Doc. # 126) regarding Defendant Wilson's Motion to Sever Counts (Doc. # 105). Mr. Wilson filed a timely objection (Doc. # 127). The court reviews *de novo* the portion of the Recommendation to which the objection applies. 28 U.S.C. § 636(b)(1). For the reasons that follow, the objection is due to be overruled and the Recommendation adopted.

First, Mr. Wilson objects to the Magistrate Judge's finding that the offenses were properly joined pursuant to Federal Rule of Criminal Procedure 8(a). Mr. Wilson argues that Counts 1–7 and Count 8 cannot be joined under Rule 8(a) because these counts are not based on the same act or transaction, or connected to the same scheme or plan. In particular, Mr. Wilson argues that Count 8 "was not in furtherance of the alleged conspiracy charged in Counts 1–7" (Def.'s Objection ¶ 1), and that unlike Counts 1–7, Count 8 did not involve the use of firearms in a violent manner or to scare or intimidate people (Def.'s Objection ¶ 6).

Rule 8(a) is to be "construed broadly in favor of initial joinder." *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002). The Eleventh Circuit described joinder under Rule 8(a) as "not limited to crimes of the 'same' character but [as] also cover[ing] those of 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'" *Id.* (quoting *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993)). The *Hersh* court further explained that "the [joined] offenses need only be similar in category, *not* in evidence." *Id.* (emphasis in original).

The alleged activities in Counts 1–7 and Count 8 are distinct in time, but this distinction does not require a severance. *See Walser*, 3 F.3d at 385. It may be that Counts 1–7 allegedly involve more violent activity on the part of Mr. Wilson (such as brandishing or discharging a weapon), while Count 8 allegedly does not. However, all counts are similar in category because they have a general likeness – they are all violations involving firearms. Furthermore, the underlying activity of all counts arises from Mr. Wilson's alleged involvement with the Bloods gang. Thus, the court concurs with the Recommendation of the Magistrate Judge that the counts were properly joined under Rule 8(a).

Second, Mr. Wilson objects to the Magistrate Judge's Recommendation that he did not meet his burden to justify a severance under Federal Rule of Criminal

Procedure 8(a). He argues that joinder of these counts is prejudicial because the joinder "ties unrelated events, some of which do not even involve [Mr. Wilson], to a [sic] Count (8), which happened two years after the Government conceded the conspiracy had ended." (Def.'s Objection ¶ 9.) Defendant further argues that the jury will use evidence from Counts 1–7 to "determine the Defendant's guilt or innocence in Count 8" (Def.'s Objection ¶ 10), and that a limiting jury instruction will "not be sufficient to overcome the prejudicial effect of trying Counts 1–8 together" (Def.'s Objection ¶ 14).

A defendant's burden when seeking a severance is "heavy," and requires the defendant to demonstrate that "compelling prejudice" would result from the joint trial. *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011) (quoting *United States v. Browne*, 505 F.3d. 1229, 1268 (11th Cir. 2007)).[1] A district court has "substantial discretion" in determining whether to grant a severance pursuant to Rule 14(a). *United States v. Lopez*, 649 F.3d 1222, 1235–36 (11th Cir. 2011) (citing *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993)).

---

[1] While the *Lopez* court discussed this standard in the context of a defendant seeking to sever the trials of co-defendants under Rule 14(a), the standard also applies to a Rule 14(a) severance of counts. *See United States v. Walser*, 3 F.3d 380, 386–87 (11th Cir. 1993) (describing the standard for a defendant seeking to sever counts as "a heavy burden" and requiring a demonstration of "compelling prejudice"); *see also United States v. Hinds*, 435 Fed. App'x 832, 836 (11th Cir. 2011) (*per curiam*).

Mr. Wilson's argument that the events in Counts 1–7 and Count 8 are unrelated is not persuasive. Mr. Wilson argues that Ms. Long is the only common thread to tie the incidents together. (Def.'s Objection ¶ 8.) According to the Government, Ms. Long is not the only common thread in the incidents involved in Counts 1–8. To prove Count 8, the Government proffers that it will need to provide evidence of Mr. Wilson's involvement with the Bloods gang and his preexisting relationship with co-defendant Reco Mareese Daniels. (Government's Resp. 10–11 (Doc. # 121).) This evidence will be presented to establish Mr. Wilson's connection with a cell phone that the Government will argue proves Mr. Wilson's actual possession of firearms. (Government's Resp. 10.) Mr. Wilson's relationship with Mr. Daniels and the Bloods gang have probative value, contrary to Mr. Wilson's argument. (*See* Objection ¶ 12.)

Mr. Wilson's argument that a limiting instruction cannot dispel any potential prejudicial effect is also unpersuasive. This case does not fall within the situation where "the massive amount[s] of evidence make it nearly impossible for a jury to sort through the evidence and issues and reliably determine the guilt or innocence of each defendant on each charge." *Lopez*, 649 F.3d at 1235. At this stage, there are only three defendants proceeding to trial and eight counts. Furthermore, Mr. Wilson has agreed to stipulate to his prior felony conviction. (*See* Offer of Stipulation (Doc. # 32).) The stipulation of his prior felony conviction, coupled with an appropriate

limiting instruction to the jury, is enough to overcome any potential prejudice to Mr. Wilson. *See Hinds*, 435 Fed. App'x at 836 (holding that a defendant failed to show that joinder of felon-in-possession counts with drug-related counts resulted in compelling prejudice under Rule 14 because he stipulated to his prior felony and the district court gave a limiting instruction to the jury).

For the foregoing reasons, it is ORDERED as follows:

1. Defendant's Objection (Doc. # 127) is OVERRULED;

2. the Recommendation of the Magistrate Judge (Doc. # 126) is ADOPTED; and

2. Defendant's Motion to Sever Counts (Doc. # 105) is DENIED.

DONE this 27th day of March, 2012.

                                               /s/ W. Keith Watkins
                                       CHIEF UNITED STATES DISTRICT JUDGE